**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Local 10 Sheet Metal Control
Board Trust Fund,

Plaintiff,

v.

Civil No. 01-1291 (RHK/RLE)
**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW,**
**AND ORDER**

Granite City Heating Company,
a Minnesota corporation,

Defendant.

---

Andrew E. Staab, Rosene, Haugrud & Staab, Chartered, St. Paul, Minnesota, for Plaintiff.

No appearance on behalf of Defendant.

---

Before the Court is the Local 10 Sheet Metal Control Board Trust Fund's ("Fund") Motions for Default and for an Injunction against Granite City Heating Co. ("Granite City"). Upon all the files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Defendant was served with a Summons and Complaint in this matter on July 20, 2001 through the Minnesota Secretary of State.

2. Defendant is a Minnesota Corporation.[1]

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

---

[1]As such Defendant is neither an infant nor an incompetent person.

FILED OCT 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

4. Defendant is a signatory to the Labor Agreement between St. Cloud Subdivision Central Minnesota Division of the Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA") and the Local Union #10 Sheet Metal Workers' International Association.

5. Defendant is obligated, under the Labor Agreement, to submit to Plaintiff monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Defendant has failed and refused to submit such reports and fringe benefit contribution payments.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiff is entitled to its relief sought.

2. Defendant must produce all records as requested by Plaintiff to allow Plaintiff to complete an audit of its records.

## ORDER

1. Defendant shall produce for the inspection and audit the following business records:

   a. All payroll registers;

   b. All time cards;

   c. All of Defendant's check registers and sequential canceled checks from all of Defendant's accounts;

   d. All documents evidencing payment from Defendant to all other individuals, including any claimed subcontracts. Such documents should include all subcontractor agreements or other similar documents, and certificates of insurance from any subcontractors; and

   e. All tax records and Minnesota Unemployment Compensation filings.

2. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiff.

3. Production and inspection shall occur within 15 days of entry of this Order at the premises of Plaintiff.

4. The only issues remaining to be determined in this action are the amount of Plaintiff's damages and Plaintiff's claim for attorney's fees and costs.

5. That the amount of Plaintiff's damages and Plaintiff's claim for attorney's fees and costs shall be determined by the Court after hearing.

Dated: October 16, 2001

Richard H. Kyle
United States District Judge